**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| LORI DANIELKIEWICZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OPTALIS HEALTHCARE,<br><br>Defendant. | Case No. 26-cv-12344<br><br>Hon. Linda V. Parker<br><br>Magistrate Judge David R. Grand |
| PRISCILLA MUSLIN, by JUSTINE MALDONADO, her Power of Attorney, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OPTALIS HEALTHCARE,<br><br>Defendant. | Case No. 26-cv-12373<br><br>Hon. Linda V. Parker<br><br>Magistrate Judge David R. Grand |

**ORDER GRANTING PLAINTIFFS' MOTION**
**TO CONSOLIDATE CASES AND APPOINT INTERIM CO-COUNSEL**

The Court has reviewed the *Plaintiffs' Motion to Consolidate Cases and*

*Appoint Interim Co-Lead Counsel* and accompanying *Brief in Support of*

*Plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Counsel*

1

(the "Motion") submitted by Plaintiffs Lori Danielkiewicz and Priscilla Muslin, as well as the accompanying exhibits, and has determined that consolidation and appointment of interim co-lead class counsel in this proposed class action will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay.

Therefore, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1.     Pursuant to Federal Rule of Civil Procedure 42(a), the Court hereby consolidates *Lori Danielkiewicz v. Optalis Healthcare*, Case No. 26-cv-12344, with *Muslin v. Optalis Healthcare*, Case No. 26-cv-12373, with Case No. 26-cv-12344 being the designated lead case under the new title "*In re Optalis Healthcare Data Security Incident Litigation*" (each a "Related Action" and together the "Consolidated Action").  Case No. 26-cv-12373 will be administratively closed.

2.     Any further filings shall be made in the Consolidated Action.  All pleadings therein maintain their legal relevance until the filing of the Consolidated Complaint.  The Consolidated Complaint shall be filed within the next forty-five (45) days, as further set forth below.

3.     All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

4. If a plaintiff files a companion matter to these consolidated actions, as defined by Eastern District of Michigan Local Rule 83.11(b)(7), and fails to identify the new matter as a companion case, despite the obligation to do so, Defendant shall file a Notice of Related Case in the new matter. If a companion matter is transferred to this District, Defendant shall file a Notice of Related Case within three (3) days of the matter being docketed in this District. If any party objects to the consolidation of any case in which such notice is filed, or otherwise wishes to seek alternative relief, they shall do so within ten (10) calendar days. If the Court determines that the case is related, it will enter an order consolidating it with Case No. 26-cv-12344, and the terms of this Order will then apply to the new matter.

5. Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within forty-five (45) days of the date of this Order. Defendants shall have forty-five (45) days from the date on which Plaintiffs file the Consolidated Complaint to file a response thereto.

6. **IT IS FURTHER ORDERED** that, having given due consideration to the relevant factors set forth in Federal Rule of Civil Procedure 23(g)(1) and (4), including, without limitation, Rule 23(g)(1)(A)(i)-(iv), and finding that the proposed counsel meet the adequacy requirements thereunder, the following are appointed and shall serve as overall Plaintiffs' Interim Co-Lead Counsel, in

3

accordance with Rule 23(g)(3):

    1.    Raina Borrelli of Strauss Borrelli, PLLC;
    2.    Gary Klinger of Milberg, PLLC; and
    3.    E. Powell Miller of The Miller Law Firm.

Plaintiffs' Interim Co-Lead Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action. Specifically, Interim Co-Lead Counsel shall have the following responsibilities, duties, and sole authority to:

    a.    Draft and file the master consolidated complaint, and have final authority regarding what claims and parties are to be included;

    b.    Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

    c.    Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Michigan;

    d.    Consult with and employ consultants and/or expert witnesses;

    e.    Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;

    f.    Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

    g.    Enter into stipulations and agreements with Defendant;

h.   Sign all papers filed on behalf of Plaintiffs and the putative class;

i.   Convene meetings of all Plaintiffs' counsel, as necessary;

j.   Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

k.   Conduct settlement negotiations with Defendant;

l.   Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendant's counsel of changes thereto;

m.   Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings correspondence, and other documents from Defendant's counsel or the Court that are not electronically filed;

n.   Appear at Court-noticed status conferences and hearings;

o.   Be the contact persons for all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

p.   Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

q.   Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

r.   Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by Plaintiffs' counsel whose work Interim Co-Lead Counsel has specifically authorized, and submit at the Court's

request, in writing, *ex parte* and *in camera* reports to the Court regarding time billed in the prosecution of this action. At such time as may be appropriate, Co-Lead Counsel will also recommend appointment and allocation of fees and expenses subject to court approval;

s.   Fund the necessary and appropriate costs of discovery and other common benefit efforts; and

t.   Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

It is the Court's intent that, as to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Interim Co-Lead Counsel.

**IT IS FURTHER ORDERED** that all other Plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Counsel, except for an application to modify or be relieved from this Order.

**IT IS FURTHER ORDERED** that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the

orderly and expeditious resolution of this litigation.

    **IT IS FURTHER ORDERED** that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the Eastern District of Michigan.

    **SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 16, 2026

7